**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

BORISH JENKINS; and JOWONNA EVANS,

    Plaintiffs,

v.

VERIZON WIRELESS PERSONAL
COMMUNICATIONS LP; and MRS
ASSOCIATES INC.,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-168

**O R D E R**

In this civil lawsuit, Plaintiffs Borish Jenkins and Jowonna Evans seek to recover for alleged violations of the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act committed by Defendants Verizon Wireless Personal Communications LP (hereinafter "Verizon") and MRS Associates, Inc. (hereinafter "MRS"). (Doc. 1.) Both MRS and Verizon have been served, (docs. 5, 6), and their attorneys have filed Notices of Appearance, (docs. 7, 13), as well as Motions for Extension of Time to File an Answer, (docs. 8, 14), which were granted, (docs. 11, 15). A Notice of Settlement as to Verizon was filed with the Court on August 7, 2018, (doc. 10), and a Notice of Settlement as to MRS was filed on September 19, 2018, (doc. 17). Neither Defendant has filed an Answer.

Presently before the Court is an "Amended Joint Stipulation of Dismissal with Prejudice," (doc. 20), which states that "Plaintiffs Jowonna Evans and Borish Jenkin[s], and Defendants, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), . . . stipulate to dismiss, with prejudice, each claim and count . . . asserted . . . against Defendants in the above styled action." (Id.) The stipulation bears

the signature of counsel for Plaintiffs and counsel for Defendant MRS, but there is no signature by anyone on behalf of Defendant Verizon.[1] (Id.)

Rule 41(a)(1)(A) provides two ways a plaintiff can voluntarily dismiss an action without having to obtain a court order. If no opposing party has served an answer or a motion for summary judgment, the plaintiff may simply file a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, pursuant to subsection (a)(1)(A)(ii), the plaintiff must file a stipulation of dismissal that is signed by *all* parties who have appeared. Here, Plaintiffs profess that they are filing a stipulation of dismissal pursuant to subsection (a)(1)(A)(ii), but the document they filed does not bear the signature of both Defendants who have appeared in the action and thus it does not comply with that subsection's requirements. Plaintiffs still may voluntarily dismiss without the need for a Court order, however, because neither Defendant has filed an answer or a motion for summary judgment. Thus, Plaintiffs are authorized under Rule 41 to simply file a notice of dismissal pursuant to subsection (a)(1)(A)(i). Accordingly, in the interest of judicial economy, and because Defendant Verizon (which is the only party that did not sign the Stipulation) has not objected to the Amended Stipulation of Dismissal with Prejudice (or the Notice of Settlement as to Verizon, filed almost ten months ago), the Court hereby construes the Stipulation as a notice of dismissal pursuant to Rule 41(a)(1)(A)(i).

---

[1] An initial "Joint Stipulation of Dismissal with Prejudice," filed in February 2019, indicated that Plaintiff Jowonna Evans and Defendant MRS Associates, Inc., stipulated to the dismissal of "each claim and count . . . asserted by Plaintiff against the Defendants in the . . . action." (Doc. 19.) It, however, was also only signed by counsel for Plaintiffs and counsel for Defendant MRS.

Therefore, the Court **DISMISSES with prejudice** all claims asserted against all parties in this matter. The Court **DIRECTS** the Clerk of Court to **TERMINATE** all deadlines and to **CLOSE** this case.

**SO ORDERED**, this 29th day of May, 2019.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA